UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IVY MAY** | **CIVIL ACTION** |
| **VERSUS** | **NO:  06-0888** |
| **RICHARD L. STALDER, ET AL** | **SECTION: "S"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

I.   **Factual Summary**

The plaintiff, Ivy May ("May"), is an inmate housed in the Washington Correctional Institute ("WCI") in Angie, Louisiana.  May filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against Louisiana Department of Corrections Secretary Richard L. Stalder, Assistant Warden Kathleen M. McGinnis, and Warden James D. Miller Jr.

May alleges that, in June of 2005, he was brought before the reclassification board at WCI. He states that, at that time, he was assigned to the garden crew by Ms. Karla Wheat and Major Branch without evaluation of his medical records.

He alleges that he is medically disabled and suffers with seizures. He claims that he had a duty status reflecting this disability. He also claims that he should not have been working in the hot sun. He further alleges that he had a heat stroke[1] and seizures and was taken to Lakeview Hospital for four days of treatment.

May seeks monetary damages and the termination of Warden Miller, Assistant Warden McGinnis, and Secretary Stalder for allowing unqualified persons to work in classifications at WCI.

## II.   <u>Standards of Review for Frivolousness</u>

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts

---

[1]Although he uses the word stroke in the complaint, his attached pleadings reflect that he claims to have suffered from a heat stroke.

alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

## III.   Analysis

### A.   Eleventh Amendment Immunity

May has named Secretary Stalder, Warden Miller and Assistant Warden McGinnis as defendants in this matter.  He has not identified the capacity in which he has named each defendant except to indicate that they were acting in their official roles as officials within the Louisiana Department of Corrections' prison system.  To the extent he intends to name the defendants in their official capacities, the claims against them are barred by the Eleventh Amendment, and are therefore frivolous.

In order to succeed on a claim under § 1983, a plaintiff must prove both the constitutional violation and action that was taken by a "person" under color of state law.  *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Polk County v. Dodson*, 454 U.S. 312 (1981).  A state actor sued in his or her official capacity is not considered a person for purposes of suit under § 1983.  *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).  Instead, the action would be considered one against the employer, in this case, the Louisiana Department of Corrections ("DOC").  *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690 n. 55 (1978).  The DOC is a department within the Louisiana state government.  La. Rev. Stat. Ann. § 36:401.  For Eleventh Amendment purposes,

the DOC is considered an arm of the state since any judgment against it or its subdivisions necessarily would be paid from state funds. *Anderson v. Phelps*, 655 F. Supp. 560, 564 (M.D. La. 1985). Therefore, suit against the defendants in their official capacities is a suit against the State of Louisiana, which is prohibited by the Eleventh Amendment. *Muhammad v. Louisiana*, 2000 WL 1568210 (E.D. La. Oct. 18, 2000).

The Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own state. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986). A state may expressly waive this Eleventh Amendment sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed unequivocally); *Welch v. Dep't of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986). However, the State of Louisiana has not done so. To the contrary, La. Rev. Stat. Ann. § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court."

May's claims against the defendants in their official capacity are frivolous, fail to state a claim for which relief can be granted, and are otherwise barred by the Eleventh Amendment and therefore seek relief against immune defendants and must be dismissed pursuant to Title 28 U.S.C. § 1915(e) and § 1915A. The Court's review will proceed with respect to the defendants in their individual capacities.

**B.    Supervisory Liability**

To the extent May has named Warden Miller, Assistant Warden McGinnis, and Secretary Stalder in their individual capacities, his claims are also frivolous. He seeks to hold them liable in

their supervisory roles over other employees at WCI.  He claims that they are liable to him for allowing unqualified classification personnel to work at WCI.

However, a supervisory official cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights.  *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979).  Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980).

Supervisory liability may exist "without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).  An official policy is:

1.     a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the [government entity] ... or by an official to whom the [entity] ha[s] delegated policy-making authority; or

2.     A persistent, widespread practice of ... officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents [the entity's] policy.

*Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir.1992).  A plaintiff may also establish a custom or policy based on an isolated decision made in the context of a particular situation if the decision was made by an authorized policymaker in whom final authority rested regarding the action ordered.  *City of*

*St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988); *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996).

In this case, May has not alleged that either Miller, McGinnis, or Stalder were directly involved in his placement on the garden crew.  May instead seeks to hold these defendants liable because they were ranking supervisors over the WCI classification officers, Ms. Wheat and Major Branch.

May has also shown that Captain Branch and Ms. Wheat, and not the defendants, made the decision to place him on the garden crew.  He has not alleged or suggested in any way that any of the defendants promulgated a policy or custom which led to his placement on that particular job assignment.  He therefore has failed to state a claim of supervisory liability against Warden Miller, Assistant Warden McGinnis, and Secretary Stalder.

His claims against the defendants as supervisory officials in their individual capacities should be dismissed as frivolous and/or for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A.

### C.    Denial of Grievance Complaint

Under the broadest of readings, May arguably alleges that Warden Miller in his individual capacity may also bear liability because he denied his grievance complaint arising from the decision to place him on the garden crew.  This claim is also frivolous.

An inmate has a First Amendment right to file grievances against prison officials on his own behalf.  *See Noble v. Schmitt,* 87 F.3d 157, 162 (6th Cir.1996).  This right is protected, however, only if the underlying claim is not frivolous.  *See Lewis v. Casey,* 518 U.S. 343, 353 n.3 (1996)

6

("Depriving someone of a frivolous claim ... deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions.")

Nevertheless, inmates generally have no constitutional right under the First or Fourteenth Amendments to an effective grievance procedure. *See Wilcox v. Johnson,* 85 F.3d 630, 1996 WL 253868 at *1 (6th Cir. May 13, 1996)(Table, Text in Westlaw); *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir.1994); *Buckley v. Barrow,* 997 F .2d 494, 495 (8th Cir.1993); *Flick v. Alba,* 932 F.2d 728, 729 (8th Cir.1991); *Flowers v. Tate,* 925 F.2d 1463, 1991 WL 22009 at *1 (6th Cir. Feb. 22, 1991) (Table, Text in Westlaw).  In other words, there is no constitutional guarantee that the inmate will be satisfied with the responses given to his grievance complaints by the prison officials. *Id.*

In this case, May does not allege that he was denied the ability to file grievance complaints or that Warden Miller harbored any ill will against him for filing the grievances.  May's claim implicitly is that the Warden's response to his grievances did not correct his complaint or provide him with another duty.  In this regard, May has failed to state a claim against Warden Miller.

Therefore, this claim against Warden Miller also should be dismissed as frivolous and/or for failure to state a claim pursuant to Title 28 U.S.C. § 1915(e) and § 1915A.

**IV.**   **Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that May's § 1983 claims against the defendants, Secretary Stalder, Assistant Warden McGinnis, and Warden Miller, be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, and otherwise for seeking relief against immune defendants pursuant to Title 28 U.S.C. § 1915(e) and § 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___28th___ day of _____April_____, 2006.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**